UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 DEC 20  P 4: 08

U.S. DISTRICT COURT
                  

DAVID JOINER,
         Plaintiff,
v.

CIVIL ACTION NO.
3:05-cv-845 (JCH)

CHARTWELLS,
COMPASS GROUP NORTH AMERICA,
HILARY SIDRANE,
EDWARD TARASKEWICH,
TOBY CHENETTE, and
NELSON J. DEFIGUEIREDO,
         Defendants.

DECEMBER 20, 2005

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 10]**

The plaintiff, David Joiner, initiated this employment discrimination action against the defendants pursuant to 42 U.S.C. §§ 2000e et seq. ("Title VII") and the laws of the state of Connecticut. This action is properly brought within the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1367. The defendants, Chartwells, Compass Group North America[1], Hilary Sidrane, Edward Taraskewich, Toby Chennette, and Nelson J. Defigueirdo, move to dismiss Counts III through XI of Joiner's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process, and Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted and res judicata.[2]

---

[1] In their Memorandum of Law in Support of Defendants' Motion to Dismiss, the defendants attest that Chartwells and Compass Group North America are the same entity. It will hereinafter be referred to as "Chartwells."

[2] The plaintiff filed an opposition and the defendants filed a reply, as allowed under the Local Court Rules. The plaintiff subsequently filed a "Reply" [Dkt. No. 24] which the defendants have moved to strike [Dkt. No. 25]. The motion to strike is hereby DENIED, although plaintiff's counsel is cautioned that such a reply is not permitted without leave of court.

1

For the following reasons, the defendants' motion is GRANTED in part and DENIED in part.

I.   **BACKGROUND**[3]

Joiner is an African-American male who was employed by Chartwells from April 2002 until March 11, 2005. Chartwells is a corporation authorized to conduct business in Connecticut. It manages food service operations at Trinity College. Hillary Sidrane, Edward Taraskewich, Toby Chenette, and Nelson J. Difigueiredo (hereinafter the "individual defendants"), are, and have been at all relevant times, employees and agents of Chartwells, each acting in a supervisory or managerial role.

Joiner was the only African-American employee who worked at Chartwells as a Banquet Captain. In the course of his tenure, Joiner alleges that, on numerous occasions, he was treated differently from similarly situated non-African American employees. For example, Joiner alleges that in August 2002, his hours were reduced more than employee with less seniority than he had and that he was demoted from Captain to Server. In the fall of 2002, Joiner received "unjust" reprimands for failing to complete assigned tasks after not being scheduled for hours sufficient to complete the tasks, unlike non-African American employees. In the fall of 2003, other employees with less seniority than Joiner were given more work hours than him. In January of 2003, Joiner was suspended from work, and in February 2003, Joiner was terminated.

In March 2003, Joiner was reinstated after a successful grievance. In March,

---

[3] The court takes the facts alleged in the plaintiff's complaint as true, as it must, and draws all inferences in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

Joiner also filed a complaint with the Connecticut Commission on Human Rights ("CHRO") in March 2003. Joiner also alleges that he was unfairly disciplined and suffered adverse employment actions in retaliation for his having filed an internal grievance in August 2002 and his CHRO complaint in March 2003. In May 2003, Joiner received a written warning for poor job performance at an event, and in the fall of 2003, Joiner was assigned to work outside of his job classification. In February 2005, Joiner received a warning that he believes was issued unfairly. Joiner was terminated from his employment on March 11, 2005.

Joiner's complaint also includes specific allegations regarding the individual defendants. Joiner specifically alleges that Sidrane, Chenette, and Taraskewich were present at a meeting in August 2002, which was held to discuss Joiner's claims that he was being discriminated against, Compl. ¶¶ 23-24 [Dkt. No. 1]; that Joiner complained to Sidrane that he was receiving unequal treatment, Compl. ¶ 29; that, on February 27, 2003, he was terminated by Taraskewich and Chennette, Compl. ¶ 33; that, on May 15, 2003, following Joiner's reinstatement, Sidrane issued a written warning to Joiner regarding his work, Compl. ¶ 38; that, on May 15, 2003, Taraskewich physically intimidated Joiner and physically "bumped" him, Compl. ¶¶ 40-41; that, in October 2002, Taraskewich failed to take action on a complaint filed by Joiner regarding a petition by his co-employees to have Joiner terminated, Compl. ¶ 42; that, in October 2002 and the fall of 2003, Taraskewich again physically intimidated Joiner, Compl. ¶¶ 43 and 46; that, in 2003, Sidrane assigned Joiner to work out of his job classification, Compl. ¶ 45; that, in April 2004, Taraskewish and Chenette attended a CHRO mediation regarding Joiner, Compl. ¶ 48; and that, in February 2005, Sidrane issued

3

another written warning to Joiner, Compl. ¶ 49.

Joiner received a right-to-sue letter from the CHRO on March 4, 2005, and initiated this lawsuit on May 26, 2005.  Joiner asserts claims against Chartwell for discrimination under Title VII, retaliation under Title VII, and for the intentional infliction of emotional distress. Compl., Counts I-III. Joiner also asserts claims against each individual defendant for violations of Title VII, Compl., Counts IV, VI, VIII, X, and for the intentional infliction of emotional distress, Compl., Counts V, VII, IX, and XI.  The defendants move to dismiss Counts III through XI, arguing, inter alia, that Joiner has failed to effect sufficient service of process on Sidrane, Chenette, and Defigueiredo, that Joiner has failed to sufficiently state causes of action for violations of Title VII against the individual defendants and the intentional infliction of emotional distress against all defendants, and that

## II. DISCUSSION

### A. Insufficient Service of Process

Sidrane, Chennete and Defigueiredo move to dismiss Joiner's complaint against them pursuant to Fed.R.Civ.P. 12(b)(5) for lack of personal jurisdiction for failure to effect proper service on them.  Under Fed. R. Civ. P. 4(e), service may be made by in-hand service, abode service, request to waive, or pursuant to the law of the state in which the district is located.  In Connecticut, service may be made on an individual by in-hand service or abode service. Conn.Gen.Stat. § 52-57(a).

While the service upon these defendants may have been insufficient at the time that the defendants moved to dismiss Joiner's suit, Joiner has since perfected service

on each of these defendants through abode service on Chenette and Defigueiredo and personal service on Sidrane. See Returned Summons [Dkt. Nos. 18, 21, 22]. Service on these defendants was effected within the time period provided in Rule 4(m), which states that a plaintiff has 120 days from the filing of a complaint to served a summons and complaint upon a defendant. Accordingly, the defendants' motion to dismiss under Rule 12(b)(5) is denied as moot.

### B. Sufficiency of Pleadings

The defendants also challenge the sufficiency of the pleadings of Joiner's claims against each individual defendant. A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Reed v. Town of Branford, 949 F. Supp. 87, 89 (D. Conn. 1996). "In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The plaintiff's claims will be considered in turn.

1. Title VII Claims against the Individual Defendants (Counts IV, VI, VIII, X)

The defendants move to dismiss the Title VII claims against the individual

5

defendants in Counts IV, VI, VIII, X, arguing that claims under Title VII cannot be brought against individual defendants. It is well established that, as a matter of law, individuals cannot be held personally liable for discriminatory conduct under Title VII. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004)("[I]ndividuals are not subject to liability under Title VII."); Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). Furthermore, Joiner did not address the defendants' motion as to these claims in his response. Thus, the defendants' motion to dismiss is granted as to Counts IV, VI, VIII, and X.

## 2. Intentional Infliction of Emotional Distress Claims against Chartwells, Sidrane, Chenette, and Defigueiredo (Counts III, V, IX, and XI)

The defendants move to dismiss Joiner's emotional distress claims against each defendant, arguing that the conduct alleged in Joiner's complaint does not rise to the level of "extreme and outrageous" conduct required as an element of an intentional infliction of emotional distress claim.

Under Connecticut law, to state a claim for the intentional infliction of emotional distress, it must be sufficiently alleged that (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210 (Conn. 2000)(citation omitted). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Id. (citation omitted). This

6

determination is made on the basis of the facts alleged in the plaintiff's complaint. See Whitaker v. Haynes Const. Co., Inc. 167 F.Supp.2d 251, 254 (D.Conn. 2001).

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 210-211(quoting 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965)). Additionally, Connecticut courts have held that "insults, verbal taunts, threats, indignities, annoyances, petty oppressions, or conduct that displays bad manners or results in hurt feelings, do not support a claim for intentional infliction of emotional distress." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 195 (D. Conn. 2000)(citations omitted)

Joiner's concerning Chantwells' conduct do not rise to the level of extreme and outrageous behavior necessary to state a claim of intentional infliction of emotional distress. See e.g., Adams v. Hartford Courant, No.3:03-CV-0477, 2004 WL 1091728, at *4 (D. Conn. May 14, 2004)("[R]outine employment action, even if made with improper motivations, does not constitute extreme or outrageous behavior."); Javier v. Engelhard Corp., No. 3:00-CV-2301, 2001 U.S. Dist. Lexis 17341, at *16 (D.Conn. October 1, 2001)(Hall, J.)(finding that claim of denial of training opportunities, insulting behavior, and differential treatment in the workplace did not constitute extreme and outrageous behavior); see also Perodeau v. City of Hartford, 259 Conn. 729, 757 (D. Conn. 2002)(stating that individuals in the workplace should expect to experience some level of emotional distress). The actions that Joiner alleges occurred on behalf of Chantwells through its agents, even when considered in the aggregate as Joiner urges,

7

consisted of routine employment action, such as disciplinary warnings, demotions, changed work assignments, and terminations, that do not give rise to a claim for the intentional infliction of emotional distress. Therefore, Count III of Joiner's complaint is dismissed.

Similarly, Joiner's complaint does not allege facts sufficient to sustain a cause of action for the intentional infliction of emotional distress against any individual defendant. The specific facts alleged regarding Sidrane and Chenette, as described above, cannot be characterized as extreme and outrageous. See, e.g. Draughon v. Montowese Health and Rehabilitation Center, Inc., No. 3:04CV00578(RNC), 2004 WL 2381735, at *2 (D.Conn. Oct. 15, 2004)(finding that reducing an employee's work schedule and failing to adequately investigate a complaint does not qualify as extreme and outrageous); Johnson v. Chesebrough-Pond's USA Co., 918 F.Supp. 543, 553 (D.Conn. 1996)(finding that negative performance reviews and termination were not extreme and outrageous conduct). Accordingly, Counts V and IX are dismissed. The complaint does not allege any specific facts regarding Defigueiredo, and thus the emotional distress claim in Count X against him is properly dismissed.

3.  **Intentional Infliction of Emotional Distress Claim against Taraskewich (Count VII)**

The closest question regarding Joiner's emotional distress claims is whether the allegations concerning physical confrontations by Taraskewich directed at Joiner can be considered extreme and outrageous conduct. In his complaint, Joiner alleges that, in May 2003, Taraskewich threatened Joiner "with closed fists," "within inches of his face," and bumped "his body against [Joiner]'s body." Compl., ¶¶ 40-41. Joiner also alleges

8

that in October 2003 and the fall of 2003, Taraskewich "threatened" Joiner "with a locked jaw and a closed fist."[4] Id. at ¶¶ 43 and 46. However, Joiner's claim against Taraskewich for the intentional infliction of emotional distress appears to be barred by the doctrine of res judicata.

"Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Thompson v. County of Franklin, 15 F.3d 245, 253 (2d. Cir 1994). "[P]ublic records may be considered on a motion to dismiss, particularly when necessary to adjudicate claims of collateral estoppel and/or res judicata." Brady v. Dammer, No. 1:04CV1126LEK/DRH, 2005 WL 1871183, *9 n.5 (N.D.N.Y. Aug. 3, 2005)(citing Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

The defendants argue that the emotional distress claim against Taraskewich is barred under res judicata by a previous lawsuit that Joiner brought against Taraskewich in Connecticut small claims court. Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the state in which judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Connecticut, the res judicata doctrine applies to small claims actions. Isaac v. Truck Service, Inc., 253 Conn. 416, 421 (Conn. 2000).

---

[4] Joiner also specifically alleges that Taraskewich failed to take any action against co-employees who were petitioning to have Joiner fired in October 2002, terminated Joiner in February 2003, and attended a CHRO mediation in 2004. Id. at 33, 42, and 46. None of these allegations include conduct that could be considered extreme and outrageous under the relevant standard.

9

Under Connecticut law, as under federal law, "the doctrine of claim preclusion, as opposed to issue preclusion, bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made."[5] Id.(quotation marks omitted); see also Pike v. Freeman, 266 F.3d 78, 90-91 (2d Cir. 2001)("To prove that a claim is precluded . . . a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties . . . (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."). Moreover, in Connecticut, as under federal law, "whether the subsequent claim related to the same cause of action is to be determined by the transactional test, which is measured by the group of facts which is claimed to have brought about an unlawful injury to the plaintiff . . . ." Isaac, 253 Conn. at 421(quotation marks omitted). "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial union, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. at 421 n.4 (quoting Restatement (Second) of Judgments § 24 (1984)).

The defendants have submitted a copy of a small claims complaint filed by Joiner against Taraskewich on December 2003, as well as a small claims judgment,

---

[5] Accordingly, Joiner's argument that an claim for the intentional infliction of emotional distress was not made in the small claims adjudication is not dispositive. The inquiry here is whether the claim is now extinguished because it should have been made.

10

dated March 29, 2005, issued by Magistrate Edwin M. Lavitt addressing the merits of Joiner's complaint.  Mot. to Dismiss, Exs. B and C.  The complaint indicates that Joiner sued Taraskewich for "outrageous conduct, aiding and abetting in illegal activities, and unlawful interference with plaintiff's employment at Chartwells in Hartford, CT."  Mot. to Dismiss, Ex. B.  In a "Notice of Lawsuit" attached to the small claims complaint, Joiner stated, "[s]ince August 20th, 2002-December 2003, you have been a major source of my depression, and I have been forced to deal with your 'Outrageous Behavior' . . . ."  Id.  The judgment indicates that the "illegal activities" in which Joiner accused Taraskewich of aiding and abetting were "work harassment and illegal discrimination . . . slander . . . and specifically that defendant illegally employed a coworker as a Temporary Banquet Captain (impliedly) in his place."  Mot. to Dismiss, Ex. C.

The judgment also indicates that a four day trial was held to address Joiner's claims, which Taraskewich denied in their entirety.  Id.  From the judgment, the trial appears to have focused on Joiner's claim that Taraskewich failed to direct people under him to stop harassing Joiner.  Id.  The small claims court concluded that Joiner had failed to make out a claim for tortious interference of contractual relations and entered judgment for Taraskewich.  Id.

The small claims adjudication involved the same parties and addressed the merits of Joiner's claims.  It is also clear to the court that the allegations concerning physical intimidation and confrontation in Joiner's complaint, all of which allegedly occurred before Joiner's small claims complaint was filed in December 2003, are within the "group of facts" or "transaction" that was at issue in the small claims adjudication. Joiner's complaint, which were the interactions between Taraskewich and Joiner in the

11

course of Joiner's employment at Chartwells between 2002 and 2003. A claim for the intentional infliction of emotional distress based on the allegations of physical intimidation included in Joiner's instant action "might have been made" in his prior small claims action. Isaac, 253 Conn. at 421. Accordingly, Joiner's claim against Taraskewich for the intentional infliction of emotional distress in Count VII is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss [Dkt. No. 10] is GRANTED in part and DENIED in part. Counts III through XI of the plaintiff's complaint are hereby dismissed, and the plaintiff's complaint is dismissed in its entirety against defendants Hilary Sidrane, Edward Taraskewich, Toby Chenette, and Nelson J. Defigueiredo. The defendants' Motion to Strike [Dkt. No. 25] is hereby DENIED.

**SO ORDERED.**

Dated this 20th day of December, 2005, at Bridgeport, Connecticut.

_____
Janet C. Hall
United States District Judge