```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DAVID JOINER                        :
          PLAINTIFF,                :
                                    :
     v.                             :    CIV. NO. 3:05cv845 (JCH)
                                    :
CHARTWELLS, ET AL                   :
          DEFENDANTS                :
```

**RULING ON PLAINTIFF'S MOTION FOR EXTENSION
OF TIME [DOC. #50], PLAINTIFF'S MOTION
TO SUSPEND DISPOSITIVE MOTIONS [DOC. #52], AND
PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW [DOC. #44]**

I.   **Motion For Extension of Time**

The plaintiff filed his complaint on May 25, 2005. Discovery initially was scheduled to end on November 25, 2005. Both parties requested and were given a number of extensions, and after several orders, the updated discovery deadline was set for April 1, 2006, with a notation that "no further extensions" would be granted. [Doc. #40]. However, on March 17, 2006, the Court granted a Joint Motion for Extension of Time for Discovery until April 30, 2006. [Doc. #43]. To date, the discovery deadline in this case has been extended four times. Nonetheless, on April 28, 2006, plaintiff ordered his attorney to file a Fourth Motion for Extension of Time.[1] [Doc. #50]. Defendants have objected to this motion.

---

[1] Although this is the fourth motion for extension of time filed by the plaintiff, this is the fifth motion for an extension of time filed in this case.

Counsel for both the plaintiff and defendants have stated that discovery is essentially complete.[2]  The only outstanding deposition that plaintiff's counsel deems relevant and necessary is the deposition of Hillary Sindrane, a witness whose deposition was previously scheduled but postponed due to her hospitalization.  Based on the numerous extensions previously granted, as well as the agreement that discovery is essentially complete, plaintiff's Fourth Motion for Extension of Time [Doc. #50] is **DENIED**.  Plaintiff, however, shall be given the opportunity to conduct the deposition of Hillary Sindrane.  As defense counsel has stated that this witness is no longer in the hospital, this deposition should be completed by June 30, 2006.

## II.   Motion to Suspend Dispositive Motions

Plaintiff has also filed a motion to suspend the June 30, 2006 dispositive motions deadline.  [Doc. 52].  In support of this motion, plaintiff claims that the deposition of Hillary Sindrane has not been conducted and that her testimony is essential to the issues which will likely be raised by dispositive motions.  Defendants object to this motion.

Plaintiff is only requesting an additional thirty (30) days from the conclusion of the outstanding deposition of Ms. Sindrane to file his dispositive motion.  As Ms. Sindrane's deposition must be completed by June 30, 2006, plaintiff's motion to extend

---

[2] From the motion to extend, it appears that plaintiff disagrees with counsels' assertion regarding the completion of discovery and has requested his counsel to engage in further discovery.

the dispositive motions deadline is **GRANTED**.  [Doc. #52].  Defendants are not obligated to wait this additional thirty (30) day period to file their dispositive motion(s).  All dispositive motions, however, shall be filed by July 30, 2006.

III. **Motion to Withdraw**

On April 3, 2006, plaintiff's counsel, Angelo Cicchiello, filed a motion to withdraw as plaintiff's counsel.  [Doc. #44].  Defense counsel have not objected to this motion.  On April 7, 2006, a telephone status conference was conducted, following which an ex parte telephone conference was held with Attorney Cicchiello regarding his motion to withdraw.  That same day, a Scheduling Order was entered requiring Attorney Cicchiello to continue prosecuting plaintiff's case until a hearing was conducted and a ruling was entered on the motion to withdraw or until substitute counsel entered an appearance.  [Doc. #48].  On May 11, 2006, an ex parte hearing on the motion to withdraw was held.  Both plaintiff and Attorney Cicchiello were present.

For the reasons that follow, Attorney Cicchiello's motion to withdraw as plaintiff's counsel is **GRANTED**.  [Doc. #44].

  A. **Factual Background**

In his motion to withdraw, Attorney Cicchiello asserts that "grounds for withdrawal exist under subsections (3), (4), (5), and (6) of Rule 1.16(b) of the Connecticut Rules of Professional Conduct."  Plf's. Motion at 1.  Supplementing this motion, Attorney Cicchiello filed an ex parte supplemental memorandum of

3

law.  As the memorandum was filed ex parte and undoubtedly contains confidential information, this Ruling will not refer to specific assertions.  Instead, the Court will summarize the basis for the withdrawal motion.  Generally, Attorney Cicchiello alleges that withdrawal is necessary because:

1. the attorney-client relationship has deteriorated to such a degree as to be harmful to the plaintiff's litigation;

2. plaintiff continues to make unreasonable demands on counsel;

3. plaintiff refuses to listen to or consider counsel's advice and strategic suggestions and has not permitted counsel to pursue plaintiff's best interests in this case;

4. plaintiff has ordered counsel to engage in conduct likely to be unethical and in violation of Rule 11 of the Federal Rules of Civil Procedure, and has demanded that counsel advance theories for which he believes no evidentiary basis exists and with which he does not agree;

5. plaintiff has challenged counsel's competence, has created an environment of distrust, and in counsel's opinion, is attempting to create a paper trail to likely pursue a lawsuit against him in the future;

6. plaintiff continually attempts to act as an attorney and has, in the past, acted on his own behalf in pursuit of this lawsuit without the assistance of counsel; and

7. continued representation of plaintiff will cause counsel a financial hardship.[3]

---

[3] Although Attorney Cicchiello did state that plaintiff does owe money towards costs, financial burden does not appear to be the main reason counsel now seeks permission to withdraw.

4

During the hearing, plaintiff was given ample opportunity to address Attorney Cicchiello's allegations and requested withdrawal. Attorney Cicchiello was also given an opportunity to respond to the plaintiff's claims. Once again, however, this hearing was conducted ex parte and the information exchanged is confidential. Therefore, the specifics of these allegations will not be discussed in this Ruling. Suffice it to say that plaintiff objects to Attorney Cicchiello's motion to withdraw, and Attorney Cicchiello still seeks to withdraw based upon the above generalized reasons.

**B.     Discussion**

Generally, a withdrawal of appearance may be accomplished by filing a motion with the court requesting withdrawal together with an entry of appearance by substitute counsel or a *pro se* entry of appearance. D. Conn. L. Civ. R. 7(e). If a party fails to engage substitute counsel or file a *pro se* appearance, the Court may grant a motion to withdraw based upon a showing of "good cause". Id.

In determining whether "good cause" exists, a district court has a great deal of discretion. Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999). In considering a motion to withdraw, the "court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court." Vachula v. General Electric Capital Corp., 199 F.R.D. 454, 457 (D. Conn. 2000).

5

The Connecticut Rules of Professional Conduct provide the grounds for mandatory[4] and/or permissive withdrawal(s). Rule 1.16(a) and (b). Specifically, Rule 1.16(b) provides that an attorney "may" withdraw if:

> (1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (2) The client has used the lawyer's services to perpetrate a crime or fraud;
>
> (3) The client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (4) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) Other good cause for withdrawal exists.

Id.

Attorney Cicchiello argues that plaintiff's conduct has likely compromised this case and has made effective representation unreasonably difficult. Plaintiff refuses to heed Attorney Cicchiello's advice and strategic suggestions. Attorney Cicchiello also claims that plaintiff is repeatedly demanding that he take actions which he believes are unwarranted, are unnecessary, and are borderline unethical or could result in a violation of Fed. R. Civ. P. 11. In fact, plaintiff expressly

---

[4] No grounds for mandatory withdrawal exist. See Rule 1.16(a) of the Rules of Professional Conduct

6

admitted that it is his desire and expectation that Attorney Cicchiello follow his suggested trial strategies.  The existing relationship between plaintiff and Attorney Cicchiello can be summed up in the word "distrust".  This situation certainly warrants withdrawal.  See McGuire v. Wilson, 735 F.Supp. 83, 84 (S.D.N.Y. 1990) (counsel's withdrawal was granted as the relationship between the parties had "deteriorated beyond repair" and the "clients deliberately disregarded fee arrangements"); Farr v. Man Coffee, Inc. v. M/S Bernhard S., No. 97 CIV. 1267, 1989 WL 31529, at *1 (S.D.N.Y. Mar. 28, 1989) (refusal to cooperate with attorney is a sufficient reason to allow withdrawal); Whiting, 187 F.3d at 321-22 (counsel permitted to withdraw when plaintiff's desire to dictate legal strategies and his threats to sue if the strategies were not followed placed counsel in impossible situation).

In deciding whether to grant a motion to withdraw, the district court must also consider whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting, 187 F.3d at 320 (citation omitted).  When the motion to withdraw is filed on the "eve of trial," the motion will likely be denied.  Vachula, 199 F.R.D. at 458 (denying motion to withdraw as prejudicial to the prosecution and the defense of the case) (citing Malarkey v. Texaco, Inc., 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying motion to withdraw when case was ready for trial); Rophaiel v. Alken Murray Corp., 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw

to prevent defendant from stalling proceedings)).  However, if a case is not set for trial, it is unlikely that the granting of a motion to withdraw will cause unjust delay.  Brown v. National Survival Games, Inc., No. 91-cv-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (as "[discovery] is not complete and the case is not presently scheduled for trial .... granting the instant motion will not likely cause undue delay"); Whiting, 187 F.3d at 321 ("[t]here are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar.").

    Here, the case is not trial ready.  In fact, the discovery deadline has just passed, and the plaintiff has even requested an extension of that deadline.  Granting Attorney Cicchiello's motion to withdraw will not cause undue delay.  Plaintiff has sufficient time to hire substitute counsel who can familiarize themselves with this litigation, or alternatively, can enter a *pro se* appearance and litigate the remainder of this case on his own behalf.

**IV.  Conclusion**

    After careful review of the record and the arguments presented, the Court grants Attorney Cicchiello's motion to withdraw.  [Doc. #44].  Plaintiff shall obtain new counsel or file a *pro se* appearance with the Court within ten (10) days of the entry of this Order.  Plaintiff can file a motion with the

8

Court for appointment of counsel.  However, plaintiff is advised that he has no constitutional right to the appointment of counsel in a civil action.  Plaintiff is also advised that, even if his motion to appoint counsel is granted, there is no guarantee that an attorney will be located who is willing to accept such an appointment.  Plaintiff is warned that the filing of a motion to appoint counsel does not relieve him from his obligation to enter a *pro se* appearance within ten (10) days of the entry of this order.  Plaintiff must still proceed in the prosecution of his case and must comply with all deadlines including, but not limited to:

1) conducting the deposition of Ms. Sindrane by June 30 2006;

2) filing any dispositive motion(s) by July 30, 2006; and

3) responding to any dispositive motion(s) filed by defendants within the time frame set by the Court.


SO ORDERED at Bridgeport this 31st day of May, 2006.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

9