UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID JOINER          :
    Plaintiff         :
                              : CIVIL ACTION NO.
v.                    : 3-05-cv-845 (JCH)
                              :
CHARTWELLS, ET AL     : OCTOBER 25 , 2006
    Defendants        :

**RULING RE: MOTION FOR SUMMARY JUDGMENT (Doc. No. 70)**

In this action, the plaintiff, David Joiner asserted numerous claims against the defendants, Chartwells and individuals employed by or acting on behalf of Chartwells in either a managerial or supervisory role. Joiner's lawsuit alleges claims arising out of his employment by Chartwells and his termination from employment in March 2005.

On December 20, 2005, the court issued a Ruling on defendants' Motion to Dismiss (Doc. No. 31).[1] In that Ruling, the court dismissed all claims pending against the individual defendants, and left remaining only two Counts asserted against Chartwells. Those two remaining claims, which are now the subject of Chartwells' Motion for Summary Judgment, are that Chartwells discriminated against Joiner on the basis of his race (Count 1), and retaliated against him for complaining about his treatment (Count 2).

Chartwells filed a Motion for Summary Judgment on July 31, 2006. (Doc. No. 70). Along with the Motion and supporting memorandum, Chartwells filed a Local Rule 56(a) Statement of Material Facts along with supporting evidence. In addition, Chartwells filed a Notice to Pro Se Litigant (Doc. No. 71), in which it certified that it had served its Motion and related papers upon Joiner. That Notice advised Joiner, pursuant

---

[1] Familiarity with that Ruling is assumed.

to the Local Rules of this court, that Chartwells' Motion could be granted and his claims dismissed without further notice if he does not file papers as required by Rule 56. The Notice proceeded to provide further detail to Joiner of what would be required in his opposition papers. The Notice further advised Joiner that he needed to file these papers within 21 days of the filing of the Motion, in other words, by August 21, 2006, with three additional days for mailing. Despite being advised of the obligation to serve and file an opposition by August 24, 2006, Joiner has not responded in any fashion to the Motion for Summary Judgment.[2]

The court has reviewed Chartwells' Motion and Memorandum in Support, together with Chartwells' Local Rule 56(a) Statement of Facts and Affidavit of Counsel which attached exhibits in support of the Motion for Summary Judgment and which were cited by Chartwells in its Rule 56(a)(1) Statement. After review of the materials submitted by Chartwells, and the arguments made in the Memorandum, and in the absence of Joiner coming forward with any evidence in support of his claims, the court concludes, <u>on the record before it</u>, that there are no material issues of fact and that Chartwells is entitled to judgment as a matter of law on the two remaining claims against Chartwells.

The court reaches this conclusion because, among other reasons, there is nothing before the court that would support an inference by a reasonable jury that the actions of Chartwells in terminating Joiner in March of 2005, or any discipline that they

---

[2] Since the filing of the Motion for Summary Judgment, Joiner has filed a Motion to Stay Discovery (Doc. No. 73), a Second Motion to Stay Discovery (Doc. No. 75), and two Motions to Transfer the case to the Hartford seat of court (Doc. Nos. 78 and 79).

applied prior to that time, was because of his race.  The only evidence that would support the *prima facie* case is that Joiner is an African American.  However, there is no evidence to create even an inference that Chartwells' actions taken toward Joiner were because of his race.  See Patterson v. County of Oneida, 375 F.3d 206, 221-224 (2d Cir. 2004) (dismissing Title VII claim of racial discrimination for failure to proffer evidence permitting an inference of termination based on race).  In addition, while it is uncontested that Joiner engaged in "protective activity" in this case by filing a complaint with the CCHRO, and otherwise complaining about Chartwells' treatment of him in numerous ways, Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 171 (2d Cir. 2005) (finding that complaints to the CCHRO constitute "protected activity"), there is no evidence in the record on which a reasonable jury can conclude that there was a causal connection between that protected activity and Chartwells' termination of Joiner.  Chartwells has come forward with strong evidence, including in some instances the admissions of Joiner that concur with this evidence, that it had a legitimate reason to terminate Joiner, to interpret the Collective Bargaining Agreement under which Joiner was covered as it did, and to discipline Joiner for his misconduct in the work place.  Again, nothing has been put before this court that would call into question the evidence that Chartwells has come forward with as to why it acted as it did in relation to Joiner.

      Therefore, the court concludes that Chartwells'[3] Motion for Summary Judgment should be granted as unopposed and for good cause, and it directs that judgment be

---

[3] As noted in the court's Ruling on the Motion to Dismiss, the second-named corporate defendant, Compass Group NA, is the same entity as Chartwells, and, therefore, when the court above directs that judgment is entered in Chartwells' favor, it is also directing it be entered in favor of the other-named defendant remaining, Compass Group NA.

entered in favor of Chartwells.  The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of October, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Court