UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID JOINER,
    Plaintiff,

v.

CHARTWELLS, et al.
    Defendants.

CIVIL ACTION NO.
3-05-cv-845 (JCH)

August 28, 2007

**RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 137 ) AND DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION (Doc. No. 134)**

## I.    BACKGROUND

Plaintiff David Joiner ("Joiner") and Defendant Chartwells ("Chartwells") bring cross motions requesting that the court reconsider its Ruling of May 3, 2007 (Doc. No. 132). In that Ruling, the court granted in part and denied in part Chartwells' Motion for Summary Judgment. Id.

## II.    STANDARD OF REVIEW

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to

succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

## III.  DISCUSSION

### A.  Joiner's Motion to Reconsider

In his Motion to Reconsider, Joiner repeatedly asks the court to reconsider evidence already considered by the court in deciding the Motion for Summary Judgment. Joiner asks the court to reconsider evidence regarding Chartwells' "inconsistent and deceptive explanations about the creation of Banquet Captain's positions." Pl.'s Mem. in Supp. of Mot. for Recon. (Pl.'s Mem.) at 5 (Doc. No. 138). The court's consideration of these allegations and any evidence offered to support them is clear on pages eight through ten of the Ruling on the Defendant's Motion for Summary Judgment ("Ruling"). (Doc. No. 132). Similarly, the Ruling clearly reflects that the court considered the evidence pertaining to the scheduling of hours for Banquet Captains (Pl.'s Mem. at 5-7 (Doc. No. 138), discussed in the Ruling at 7 and 11), Joiner's verbal protests of discrimination (Id. at 8-10, discussed in the Ruling at 14), Joiner's admission of ¶ 54 of Chartwells' Local Rule 56(a)(1) statement (Id. at 11-2, discussed in the Ruling at 19), and the decision of the arbitrator (Id. at 12-4, discussed in the Ruling at 19).

Joiner also argues that the court "improperly considered the seniority ranking of Castro in determining whether or not discipline was properly meted out by Chartwells."

2

Def.'s Mem. at 4 (Doc. No. 138). Joiner's argument is that seniority should not be a factor in determining whether Castro and other Banquet Captains were similarly situated for purposes of discipline. Id. at 4. However, the court did consider Joiner's allegations of disparate discipline. Ruling at 8 (Doc. No. 132). Therefore, it is irrelevant for that portion of the Ruling whether seniority is a "material" factor in the "similarly situated" test for the purposes of discipline. Even assuming arguendo that Joiner and Castro were similarly situated, Joiner did not offer evidence of disparate discipline from which a jury could draw a reasonable inference of discrimination.

Finally, Joiner argues that the court did not consider Chartwells' failure to investigate Joiner's claims of racial discrimination in determining if a reasonable inference of discriminatory conduct could be drawn. Pl.'s Mem. at 6-7 (Doc. No. 138). While the court made no specific reference to this piece of evidence, the court's determination was made "on the record as a whole." Ruling at 11 (Doc. No. 132). Given that the court found no other evidence allowing for a reasonable inference of discrimination, the court did not err in determining that this fact did not create an inference of discriminatory conduct on its own.

### B. Chartwells' Motion to Reconsider

Chartwells argues that the court should reconsider the partial denial of Chartwells' Motion to Dismiss because "Joiner's hours were reduced before Joiner raised any grievance based on race or brought his CHRO complaint." Def.'s Mem. of Law in Support of Mot. for Partial Recon. (Def.'s Mem.) at 9 (Doc. No. 135). This is based on Chartwells' argument that they created a 5th Banquet Captain position for Joiner in November 2002. Id. at 3. According to Chartwells, they maintained five

3

Banquet Captains at all times after Joiner's appointment to Banquet Captain, and thus the appointment of Castro to Banquet Captain in November of 2003, and the resultant reduction in hours for Joiner, could not have been in retaliation for Joiner's complaints of racial discrimination. Id. at 3-4.

Chartwells' argument that it maintained five Banquet Captain positions at all times hinges on its disputed contention that Diva Almieda was a Banquet Captain at the time that Joiner was promoted. Id. at 3. But Chartwells' offered no evidence to support this contention in connection with its Motion for Summary Judgment. Chartwells now offers new evidence in the form of an affidavit not previously before the court to support this contention in their Reply Memo. (Doc. No. 143). One of the three possible grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e) is the availability of new evidence not previously available. Virgin Atl. Airways, 956 F.2d at 1255. Chartwells offers no reasons as to why this evidence could not have been submitted in support of their Motion for Summary Judgment.[1] On the record before the court on the Motion for Summary Judgment, there was an issue of material fact as to whether Chartwells reduced Joiner's hours in retaliation for his claims of racial discrimination.

---

[1] Chartwells' arguments that it never supplied Almieda's personnel documents because its "motion for summary judgment was not grounded in Ms. Diva Almieda's position as a Banquet Captain" and because these documents "were never requested by Joiner during discovery" are unavailing. Def.'s Reply to Pl.'s Obj to Def.'s Reply in Supp. of its Motion for Partial Reconsideration at 1-2 (Doc. No. 146). As the party moving for Summary Judgment, the burden was on Chartwells to establish that there were no issues of material fact. On the record before the court on Chartwells' Motion for Summary Judgment, there was clearly a disagreement between the parties as to whether Ameida had ever worked as a Banquet Captain. See Ruling at 9.

## IV. CONCLUSION

For the forgoing reasons, the Plaintiff's Motion for Reconsideration (Doc. No. 137) is DENIED and Defendant's Motion for Partial Reconsideration (Doc. No. 134) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of August, 2007.

                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge